Dear Secretary Jenkins:
Our office is in receipt of your request for an Attorney General's Opinion regarding a Cooperative Endeavor Agreement between the Department of Wildlife Fisheries and the Louisiana Wildlife and Fisheries Foundations ("WFF"), a non-profit corporation. Pursuant to the agreement, Department personnel time, office space, goods, services, public information, public records, and public reports may be used by WFF in pursuit and support of its mission as reflected in its Articles of Incorporation and bylaws. The WFF is a corporation organized exclusively for charitable, scientific, and educational purposes pursuant to Section 501 of the Internal Revenue Code of 1954, as amended.
The Articles of Incorporation provide:
 Its purpose is to promote the welfare, fiscal and otherwise, of the Louisiana Department of Wildlife and Fisheries and the Louisiana Wildlife Fisheries Commission, and to develop, expand and improve the facilities of the Department and Commission so as to enhance their ability to perform their constitutional and statutory mission, enhance and encourage public enjoyment and use of the fish and wildlife resources of this state and its habitat, and increase the Department's and Commission's usefulness to the citizens of Louisiana and to the United States of America.
The Articles further provide that the WFF may conduct research in areas embraced in the mission, objects, and purposes of the Department and may solicit and accept gifts, grants, and bequests of real and personal property for the purpose of providing funds to benefit the Department and Commission. The WFF is composed of several classes of membership, including the Secretary of the Department and the Chairman of the Commission as members ex-officio. The Secretary and Chairman also sit on the Board of Directors.
Pursuant to the draft Cooperative Endeavor Agreement, WFF will provide the Department with support in the promotion of wildlife and fisheries management. This includes soliciting and accepting gifts, grants, bequests, and expending funds. The Department agrees to accept support from WFF to promote, develop, expand, and improve the facilities of the Department and enhance its ability to perform its mission. Additionally, the Department agrees to make available to the WFF departmental facilities, personnel and other support, and transfer to WFF "right[s] or other thing[s] of value which may be used to provide support and funding for WFF." Proceeds which WFF generates pursuant to such transfer will be used to benefit and support the Department in the performance of its constitutional and statutory mandate.
The Cooperative Endeavor Agreement provides that the WFF may reimburse the Department, either directly or through in-kind services for departmental facilities, personnel or other support provided by the Department. Regardless of whether the Department is reimbursed as provided in the Cooperative Endeavor Agreement, all funds and property of the WFF inure to the benefit of the Department.
Your question asks whether the providing of personnel time, office space, goods, services, public information, public records, and public reports by the Department to the WFF would constitute a prohibited donation of state property in violation of Article VII, Section 14(A) of the Louisiana Constitution.
La. Const. Article VII, Sec. 14(A) provides, as a general rule, that ". . . the funds, credit, property, or things of value of the State or any of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private." Subsection (C) provides for cooperative endeavors. "For a public purpose, the State and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual." While paragraph (A) generally prohibits the donation of public property, paragraph (C) authorizes the State and its political subdivisions to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, paragraph (C) merely supplements the prohibition against donations contained in paragraph A. It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds, credit, or property established in paragraph A. See City of Port Allen v. Louisiana Municipal RiskManagement Agency, Inc. 439 So.2d 399 (La. 1983); La. A/G Op. No. 90-651.
The Louisiana Supreme Court has distinguished between prohibited donations and allowable transfers of public property to "quasi-public nonprofit corporations" used in furtherance of promoting the governmental purposes of the state entity.
In State v. Nichols College Foundation, 564 So.2d 682 (La. 1990), Nichols State University assessed a fee from registering students for the benefit of Nichols State University Alumni Federation. The Federation then provided ten percent to the Nichols College Foundation. The Federation and Foundation were non-profit corporations whose purposes were to foster, protect, and promote the welfare of Nichols State University. The Supreme Court found that receipt of state funds by the Foundation from the Federation would be permissible only if the transfer of funds was in furtherance of promoting Nichols State University. The Supreme Court stated that the Federation and Foundation were formed to further the educational goals of Nichols State University and that those goals fit within the legal and constitutional duties of the University. The Supreme Court found that the transaction between the Federation and the Foundation constituted a transfer of public funds rather than a prohibited donation:
 Because the objectives of the Federation, the Foundation and the university coincide in the furtherance of a governmental purpose, and because a simple donation would be illegal under La. Const. Art. VII, Section 14(A), we find that the money was given and accepted, "under the authority of the Constitution and the laws of this state" in furtherance of governmental purpose. It was not a donation in the sense contemplated by La. Const. Art. VII, Section 14(A).
State v. Nichols College Foundation, 564 So.2d 682, 688 (La. 1990).
We believe the present relationship between the nonprofit Wildlife and Fisheries Foundation and the Department of Wildlife and Fisheries and the Wildlife and Fisheries Commission is similar. The purpose of the WFF is solely to benefit the Department and Commission. Like the relationship in State v.Nichols College Foundation, these purposes coincide in the furtherance of the governmental purposes of the Department and Commission. Therefore, it is the opinion of this office that the use by the WFF of Department personnel time, office space, goods, services, public information, public records, and public reports would not constitute a donation of public property in violation of La. Const. Art. VII, Section 14(A).
We trust the foregoing has been helpful. Should you have any further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp